[No. G027263. Fourth Dist., Div. Three. Apr. 2, 2001.]

MARTA FELIX CONDEE et al., Plaintiffs and Respondents, v.
LONGWOOD MANAGEMENT CORP., Defendant and Appellant.

[No. G027773. Fourth Dist., Div. Three. Apr. 2, 2001.]

MARTA FELIX CONDEE et al., Plaintiffs and Respondents, v.
IRA DAVID ENTERPRISES, INC., Defendant and Appellant.

**COUNSEL**

Huskinson & Brown, Stephen J. Kelley and David W. T. Brown for Defendants and Appellants.

Law Offices of Melissa G. Schwartz, Melissa G. Schwartz and Matthew Schwartz for Plaintiffs and Respondents.

**OPINION**

**RYLAARSDAM, J.**—Defendants Longwood Management Corp. (case No. G027263) and Ira David Enterprises, Inc. (case No. G027773) appeal from a

denial of their petitions to compel arbitration for failure to authenticate the alleged arbitration agreement; Longwood Management also appeals from the denial of its motion to reconsider. We conclude the court erred in denying the petitions and reverse.

## FACTS

Joaquin Penilla was a resident of Parkhurst Retirement Residence (Parkhurst), a residential care facility. Upon commencement of Penilla's residence at Parkhurst, Penilla's sister, plaintiff Marta Felix Condee, allegedly signed an arbitration agreement in his name. The agreement purported to bind the parties to arbitration for any dispute, "including actions for injury or death arising from facilities negligence," but excluding "disputes pertaining to collections and evictions." Penilla slipped and fell in the Parkhurst facility. After considerable time spent in medical facilities, he died.

Condee and Brenda Yates, Penilla's heirs, sued Longwood Management Corp. (Longwood), the company operating Parkhurst, for wrongful death. The complaint alleged general negligence, negligent supervision, premises liability and medical malpractice. A Doe amendment added Ira David Enterprises, Inc. (Ira David), a company doing business as Parkhurst, as codefendant.

After conducting some discovery, Longwood filed a petition to compel arbitration and stay the current action. (Code Civ. Proc., §§ 1281.2, 1281.4; unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.) The court denied the petition after finding the alleged arbitration agreement was not properly authenticated, and denying Longwood's proffer of a declaration from Virginia Hawkins, Parkhurst's custodian of records, which purported to authenticate the agreement. Longwood thereafter filed a motion to reconsider the petition (§ 1008), contending the Hawkins declaration was a new fact not before the court when it denied the petition. This motion was denied.

Two months later, Ira David also filed a petition to compel arbitration and stay the proceedings; it moved the court to take judicial notice of documents including the Hawkins declaration. Plaintiffs opposed the petition contending, among other things, Ira David was bound by the denial of Longwood's petition. The court denied the petition on the basis it was merely a refiling of Longwood's earlier petition.

## DISCUSSION

██ Defendants contend the court erred in denying their petitions to compel arbitration and stay the proceedings for the following reasons: (1)

the court should have accepted the Hawkins declaration; (2) the arbitration agreement was properly authenticated; (3) Penilla was bound by the agreement through the actions of his agent Condee; (4) plaintiffs are bound under the agreement as Penilla's heirs; (5) defendants have not waived arbitration by engaging in discovery; (6) the agreement is not unconscionable; and (7) the agreement need not comply with laws regulating arbitration agreements for medical care. Longwood also contends the court erred by denying its motion to reconsider because the Hawkins declaration was a new fact. We conclude the court erred when it denied the petitions to compel for failure to authenticate the arbitration agreement and reverse. We remand to permit the trial court to consider the other issues.

█ "A proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract. [Citation.]" (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479 [121 Cal.Rptr. 477, 535 P.2d 341]; see also *Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040 [9 Cal.Rptr.2d 381, 831 P.2d 821].) When a party to an arbitration agreement refuses to submit to arbitration, the other party or parties may petition the court to compel arbitration and stay any pending proceedings. (§§ 1281.2, 1281.4.) The petitioner must allege the existence of an agreement to arbitrate the controversy (§ 1281.2); facts necessary for a determination of its enforceability are proven by affidavits or declarations. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413-414 [58 Cal.Rptr.2d 875, 926 P.2d 1061].) Furthermore, "[t]he provisions [of the arbitration agreement] shall be set forth verbatim or a copy shall be attached to the petition and incorporated by reference." (Cal. Rules of Court, rule 371.) The court must then conduct a summary hearing "in the manner . . . provided by law for the . . . hearing of motions. . . ." (§ 1290.2.)

█ Here, the court concluded the arbitration agreement, included as an exhibit with defendants' petitions, was not properly authenticated. A document offered into evidence must be properly authenticated regardless of the fact it is not excludable on other grounds. (Evid. Code, § 1401, subd. (a); see generally 2 Witkin, Cal. Evidence (4th ed. 2000) Documentary Evidence, § 3, p. 136.) In this case, although no evidence was ever introduced to verify the signature's authenticity, it was never challenged.

The parties needlessly spill a fair quantity of ink arguing whether the court properly excluded the Hawkins declaration and whether the declaration would have authenticated the arbitration agreement. For purposes of a petition to compel arbitration, it is not necessary to follow the normal procedures of document authentication. "[T]he court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an

agreement to arbitrate the controversy exists. . . ." (§ 1281.2) The statute does not require the petitioner to introduce the agreement into evidence. A plain reading of the statute indicates that as a preliminary matter the court is only required to make a finding of the agreement's existence, not an evidentiary determination of its validity.

This conclusion is bolstered by California Rules of Court, rule 371. A petitioner must attach a copy of the agreement to the petition, *or* its "provisions . . . shall be set forth" in the petition. (Cal. Rules of Court, rule 371.) As with section 1281.2, what the rule does not say is significant. (See *Grupe Development Co. v. Superior Court* (1993) 4 Cal.4th 911, 921 [16 Cal.Rptr.2d 226, 844 P.2d 545] [applying doctrine of statutory construction *expressio unius est exclusio alterius*].) Rule 371 does not require the petitioner to introduce the agreement into evidence or provide the court with anything more than a copy or recitation of its terms. Petitioner need only allege the *existence* of an agreement and support the allegation as provided in rule 371. Both Longwood and Ira David met this requirement. Once the petitioners had alleged that the agreement exists, the burden shifted to respondents to prove the falsity of the purported agreement.

If the court determines the agreement to arbitrate exists, it should then decide the other objections to its enforceability. Once the court has determined the agreement exists, the court must grant the petition "unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement." (§ 1281.2.)

The court erred by denying the petition to arbitrate on the grounds the agreement was not properly authenticated. We remand to permit the court to consider the other objections raised to the enforcement of the agreement.

### DISPOSITION

The judgment is reversed and remanded for further proceedings in conformity with this opinion. Each party shall pay its own costs.

Sills, P. J., and O'Leary, J., concurred.