Filed 5/20/13  The Fine Living  Trust v. Merrill Lynch CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE FINE LIVING TRUST et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH,<br><br>Defendant and Appellant. | B240869<br><br>(Los Angeles County<br>Super. Ct. No. BC476759) |

APPEAL from an order of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Affirmed.

Crowe & Dunlevy, Tara A. LaClair; Arnold & Porter, Laurence J. Hutt and Eric D. Mason for Defendant and Appellant.

Arthur Fine, in pro. per.; and Douglas W. Bordewieck for Plaintiffs and Respondents.

————————————

## INTRODUCTION

Defendant Merrill Lynch, Pierce, Fenner & Smith appeals from an order denying its motion to compel arbitration.[1]  We affirm.

## BACKGROUND[2]

In 1982, Leslie Fine and Lucy Fine, husband and wife, executed The Fine Living Trust (the Trust).  Around 2001, Leslie and Lucy gave their son, Larry Fine, power of attorney to act on behalf of the Trust.  After Leslie and Lucy died, Larry took steps to liquidate trust assets, pay remaining debts and divide the cash proceeds amongst himself and his siblings, plaintiff Arthur Fine, Richard Fine and Wendy Fine, the beneficiaries of the Trust.

In January 2012, plaintiffs—the Trust, Larry and Arthur—filed a verified complaint for breach of contract, breach of fiduciary duty, conversion, unjust enrichment and intentional infliction of emotion distress against defendant.  This action was instituted after defendant froze an investment account the Trust maintained with defendant, thereby precluding the trustee from distributing the funds to the intended beneficiaries following the death of the last trust settlor.  Plaintiffs sought compensatory and punitive damages.

---

[1]     Defendant also purports to appeal from the order denying its ex parte application to submit a declaration in support of its motion to compel arbitration.  Defendant has failed to demonstrate that the order is appealable.  (See Code Civ. Proc., § 904.1.)

In any event, nowhere in his appellate briefs does defendant contend that the trial court erroneously denied his ex parte application.  As such, even if we assumed the order was appealable, defendant has abandoned his appeal as to this particular order.  (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538; *Arechiga v. Dolores Press, Inc.* (2011) 192 Cal.App.4th 567, 578; *Guardianship of Paduano* (1989) 215 Cal.App.3d 346, 348, fn. 1.)

[2]     We derive a portion of the facts from the allegations of the complaint.

Defendant thereafter filed a motion to compel arbitration and to stay the proceedings, as well as a memorandum of points and authorities in support of its motion. The motion was set for hearing on April 13, 2012.

Defendant maintained that at the time the investment account was opened, the settlors and original trustees of the trust, Leslie and Lucy, signed a Client Relationship Agreement (CRA), which contained a mandatory arbitration provision. A copy of the CRA purportedly signed by the original trustees was attached to the motion as Exhibit A, but defendant did not provide a declaration authenticating the CRA.

Above the signatures, the following language appears: "BY SIGNING BELOW, I AGREE TO THE TERMS OF THE MERRILL LYNCH CLIENT RELATIONSHIP AGREEMENT ON THE REVERSE SIDE AND: [¶] . . . [¶] 2. THAT IN ACCORDANCE WITH PARAGRAPH 11 OF THE CLIENT RELATIONSHIP AGREEMENT I AM AGREEING IN ADVANCE TO ARBITRATE ANY CONTROVERIES THAT MAY ARISE WITH YOU; . . . ."

Paragraph 11 of the CRA states: "I agree that all controversies that may arise between us shall be determined by arbitration. Such controversies include, but are not limited to, those involving any transaction in any of my accounts with you, or the construction, performance or breach of any agreement between us, whether entered into or occurring prior, on or subsequent to the date hereof." Paragraph 11 further stated that "[a]rbitration is final and binding on the parties" and that "[t]he parties are waiving their right to seek remedies in court, including the right to jury trial."

Plaintiffs opposed the motion arguing (1) defendant failed to authenticate the CRA; (2) defendant failed to submit the entire agreement between the parties of which the CRA was a part; (3) the arbitration provision was unreasonably overbroad and unenforceable; (4) the arbitration provision should be construed only to require arbitration of claims arising out of defendant's provision of brokerage services; and (5) the purported jury trial waived in the CRA is invalid and thus unenforceable. In a declaration, Arthur stated he was "unable to determine in any definitive sense whether the

3

signatures appearing on the CRA are the signatures of my parents," thereby placing the authenticity of the CRA in issue.

Defendant thereafter filed a reply. Among other things, defendant argued, in reliance on *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215 (*Condee*), that it was not required to authenticate the CRA.

On April 11, two days prior to the hearing, the trial court issued its tentative decision denying defendant's motion to compel arbitration on the ground that it failed to authenticate the CRA and thus did not meet its initial burden of establishing the existence of a valid arbitration agreement by a preponderance of the evidence. It therefore did not reach plaintiffs' challenges to the enforceability of the arbitration agreement.

On the day of the hearing, defendant filed an ex parte application and supporting declaration in which it attempted to supply the evidentiary proof deemed missing by the trial court in its tentative decision. Plaintiffs, having been advised by defendant that the ex parte application would be forthcoming, opposed the application in writing.

At the hearing, the trial court denied defendant's ex parte application and motion to compel arbitration. The court stated its reasoning as follows: "The court has read and considered the various documents supporting and opposing the motion and has listened to the arguments of counsel and the court is going to stand by its tentative ruling on the issue. The point being made is that the court has issued a tentative ruling. The court would be inundated by additional paperwork if on any case in which it has indicated a tentative ruling indicating that there is a failure of proof in the moving papers if it were then to permit ex parte amendment to those papers without the opportunity of the opposing party to respond to same which would require a continuance, further expenditure of time and effort. The court does not feel that the substantive issues of the motion, i.e., arbitration versus some other area of law, would give deference to arbitration motions as opposed to other motions before the court. It's a matter of court management, case management, and the court will not so permit. Therefore, the tentative remains the order of the court and the motion is denied. With or without prejudice, the motion is

4

denied.  Whatever counsel wishes to do with respect to that denial, it is certainly up to them, but the motion is denied as per the tentative ruling."  This appeal followed.

## DISCUSSION

An order denying a motion to compel arbitration is appealable.  (Code Civ. Proc., § 1294, subd. (a).)  Such an order is reviewed for abuse of discretion unless a pure question of law is presented.  In that case, the order is reviewed de novo.  (*Gorlach v. Sports Club Co.* (2012) 209 Cal.App.4th 1497, 1505; *California Parking Services, Inc. v. Soboba Band of Luiseño Indians* (2011) 197 Cal.App.4th 814, 817.)  In this case, the trial court determined that defendant failed to authenticate the parties' purported agreement and therefore failed to demonstrate that an agreement to arbitrate actually existed.  This presents a legal question, which we review de novo.  (*Gorlach*, *supra*, at p. 1505; *California Parking Services*, *supra*, at p. 817.)

"On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy *if it determines that an agreement to arbitrate the controversy exists*," unless an enumerated exception applies.  (Code Civ. Proc., § 1281.2, italics added.)

California Rules of Court, rule 3.1330, entitled "MOTION CONCERNING ARBITRATION" provides:  "A petition to compel arbitration or to stay proceedings pursuant to Code of Civil Procedure sections 1281.2 and 1281.4 must state, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration.  The provisions must be stated verbatim or a copy must be attached to the petition and incorporated by reference."

In *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394 (*Rosenthal*), the California Supreme Court enunciated the procedures governing the trial court's determination of a petition to compel arbitration.  (*Id.* at p. 402.)  "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a

written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence. If the party opposing the petition raises a defense to enforcement—either fraud in the execution voiding the agreement, or a statutory defense of waiver or revocation [citation]—that party bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense. [Citation.]" (*Id*. at p. 413.) The high court reiterated these procedures in *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 and noted, "[i]n these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." (*Ibid*., citing *Rosenthal*, *supra*, at pp. 413-414.)

Relying on *Condee*, *supra*, 88 Cal.App.4th 215, defendant challenges the trial court's determination. In *Condee*, the trial court denied a petition to compel arbitration on the ground that the agreement to arbitrate had not been authenticated properly even though the authenticity of the signatures had not been challenged and the parties had not challenged the existence or validity of the arbitration agreement. The Court of Appeal held that the burden of proof under Code of Civil Procedure section 1281.2 is met simply by alleging the existence of an arbitration agreement and either reciting the provisions of the agreement in the petition or attaching a copy of the agreement to the petition as required by California Rules of Court 3.1330, formerly rule 371. (*Condee*, *supra*, at pp. 218-219.) *Condee* held that once the petitioner alleged the existence of an arbitration agreement, the burden shifts to the respondent to prove falsity of the agreement. (*Id*. at p. 219.)

In *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, Division Three of the Fourth District Court of Appeal, the same court that decided *Condee*, citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, noted that "[t]o the extent *Condee*

6

conflicts with *Rosenthal*, our Supreme Court's decision is controlling." (*Toal*, *supra*, at p. 1219, fn. 8.)  It noted that "our Supreme Court has clearly stated that a court, before granting a petition to compel arbitration, *must* determine the factual issue of 'the existence or validity of the arbitration agreement.' (*Rosenthal*, *supra*, 14 Cal.4th at pp. 402, 413.)  In this way, a court's role, though limited, is critical.  'There is indeed a strong policy in favor of enforcing agreements to arbitrate, but there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate and which no statute has made arbitrable.' [Citation.]" (*Toal*, *supra*, at pp. 1219-1220.)

Here, the trial court aptly noted that *Condee* had been called into doubt by *Toal*. More fundamentally, the court noted that our high court in *Rosenthal* stated that the petitioner had the burden of proving the existence of an arbitration agreement by a preponderance of the evidence, a burden the court repeated in *Engalla v. Permanente Medical Group, Inc.*, *supra*, 15 Cal.4th at p. 972.  Then, applying the burden of proof enunciated in *Rosenthal*, the court determined that in the absence of an authenticating declaration, defendant "necessarily fail[ed] to meet the initial burden" of proving the existence of the arbitration agreement by a preponderance of the evidence.  We find no fault with the trial court's reasoning or its result and therefore uphold its order denying defendant's motion to compel arbitration.

While neither *Rosenthal* or *Engalla* involved the issue of whether the petitioner or moving party need authenticate the agreement containing the arbitration provision, they do state in no uncertain terms that the existence of an agreement to arbitrate is a statutory condition to granting a petition to compel arbitration and that the burden of proving that such an agreement exists is on the moving party.  At the very least, this requires proof that the document attached to the petition is what it purports to be.  To the extent *Condee* holds that authentication is not required, we respectfully disagree.  That Code of Civil Procedure section 1281.2 or California Rules of Court, rule 3.1330 are silent on the issue of authentication does not compel a contrary result.  Before a writing may be considered evidence, it must be authenticated.  (Evid. Code, § 1401, subd. (a); *Continental Baking*

7

*Co. v. Katz* (1968) 68 Cal.2d 512, 525-526.)  To authenticate a writing, the proponent of the document must introduce "evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is" or establish "such facts by any other means provided by law."  (Evid. Code, § 1400.)  Defendant did neither of these.  As such, defendant failed to support its motion with *evidence* establishing the existence of an agreement to arbitrate.

Defendant contends the trial court should have directed the parties to present evidence regarding the validity of the arbitration agreement.  We disagree.  Having determined that defendant failed to meet its burden of proving by a preponderance of the evidence the existence of an arbitration agreement, the validity and enforceability of the agreement were nonissues.[3]

### DISPOSITION

The order is affirmed.  Plaintiffs are awarded costs on appeal.

JACKSON, J.

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[3]  Whether the declaration supporting defendant's ex parte application would have been sufficient to authenticate the CRA is a question we need not decide.

8