Filed 11/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| HOPE GAMBOA, | B304833 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV25865) |
| v. | |
| NORTHEAST COMMUNITY CLINIC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge. Affirmed.

Employee Justice Legal Group, PC, Kaveh S. Elihu and Sean P. Hardy for Plaintiff and Respondent.

Manning & Kass, Ellrod, Ramirez, Trester LLP, Steven C. Amundson and Ladell Hulet Muhlestein for Defendant and Appellant.

_____

## INTRODUCTION

Hope Gamboa sued the Northeast Community Clinic (Clinic) for employment related claims. The Clinic moved to compel arbitration under Code of Civil Procedure section 1281.2.[1] The trial court denied the motion.

Because the Clinic failed to prove the existence of an arbitration agreement by a preponderance of the evidence after Gamboa produced evidence disputing an agreement, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Lawsuit*

In May 2018, the Clinic hired Gamboa as a scanner. As a condition to beginning her employment, Gamboa signed several onboarding documents.

In July 2018, Gamboa sustained an injury to her hand that affected her work. After Gamboa requested medical accommodations, the Clinic terminated her employment.

In July 2019, Gamboa sued the Clinic for multiple causes of action relating to her employment, including discrimination, retaliation and failure to provide reasonable accommodation.

B. *The Motion To Compel Arbitration*

In August 2019, the Clinic filed a motion to compel arbitration. The Clinic argued that Gamboa had signed an arbitration agreement as part of her required onboarding documents. The Clinic contended claims in Gamboa's lawsuit were subject to arbitration. In support of the motion, the Clinic filed a declaration by Marina Lopez. Lopez said she was the

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

director of human resources for the Clinic. She said as part of Gamboa's employment agreement, Gamboa had signed an arbitration agreement, which was in effect while she worked for the Clinic. Lopez attached the arbitration agreement as an exhibit to her declaration. The arbitration agreement appeared to be signed by a representative of the Clinic and an employee.

In December 2019, Gamboa opposed the motion on two grounds. First, the Clinic did not establish it had a valid arbitration agreement with her. Second, the arbitration agreement provisions were unconscionable and unenforceable.

On February 4, 2020, Gamboa filed a declaration in support of her opposition. She said she reviewed the arbitration agreement attached to Lopez's declaration but does "not remember these documents at all." She said that before this case, no one had ever told her about an arbitration agreement or explained what it was. She said if she had known about the arbitration agreement and had been told about its provisions, she would not have signed it. Gamboa also filed evidentiary objections to Lopez's declaration and the attached arbitration agreement.

On February 7, 2020, the Clinic filed a reply brief. The Clinic argued that Gamboa's failure to remember the arbitration agreement did not invalidate the agreement and that the agreement was not procedurally or substantively unconscionable. The Clinic did not file a supplemental declaration.

On February 18, 2020, at a hearing during which no evidence or testimony was submitted, the trial court said, "The defendant didn't show a contract was formed." The same day, the court issued its rulings in a minute order, denying the motion to compel arbitration. The court sustained Gamboa's objections to the Clinic's proffered evidence. The court found an arbitration agreement did not exist between the parties: "Defendant does no

3

[*sic*] meet its burden to show a contract was formed." The court also found the proffered arbitration agreement was both procedurally and substantively unconscionable.

## DISCUSSION

The Clinic argues the trial court erred by finding the Clinic failed to establish it had an arbitration agreement with Gamboa and by finding the proffered arbitration agreement was unconscionable.

We disagree with the Clinic on the first issue: The trial court did not err by finding the Clinic failed to establish an arbitration agreement. Consequently, we need not reach the second issue.

A. *Section 1281.2*

Under section 1281.2, a trial court must grant a motion or petition to compel arbitration only "if it determines that an agreement to arbitrate the controversy exists."[2] The court makes this determination in a summary process. (See § 1290.2.) "[T]he trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final

---

[2] Section 1281.2 requires arbitration only if an agreement exists between the parties: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to that agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists." The section includes exceptions not relevant to this opinion. (See § 1281.2, subds. (a)-(d).)

4

determination." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.)

The burden of persuasion is always on the moving party to prove the existence of an arbitration agreement with the opposing party by a preponderance of the evidence: "Because the existence of the agreement is a statutory prerequisite to granting the [motion or] petition, the [party seeking arbitration] bears the burden of proving its existence by a preponderance of the evidence." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413 (*Rosenthal*).)

However, the burden of production may shift in a three-step process.

First, the moving party bears the burden of producing "prima facie evidence of a written agreement to arbitrate the controversy." (*Rosenthal, supra*, 14 Cal.4th at p. 413.) The moving party "can meet its initial burden by attaching to the [motion or] petition a copy of the arbitration agreement purporting to bear the [opposing party's] signature." (*Bannister v. Marinidence Opco, LLC* (2021) 64 Cal.App.5th 541 (*Bannister*)) Alternatively, the moving party can meet its burden by setting forth the agreement's provisions in the motion. (*Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215, 219 (*Condee*); see also Cal. Rules of Court, rule 3.1330 ["The provisions must be stated verbatim or a copy must be physically or electronically attached to the petition and incorporated by reference."].) For this step, "it is not necessary to follow the normal procedures of document authentication." (*Condee,* at p. 218.) If the moving party meets its initial prima facie burden and the opposing party does not dispute the existence of the arbitration agreement, then nothing more is required for the moving party to meet its burden of persuasion.

5

If the moving party meets its initial prima facie burden and the opposing party disputes the agreement, then in the second step, the opposing party bears the burden of producing evidence to challenge the authenticity of the agreement. (See *Condee, supra*, 88 Cal.App.4th at p. 219.) The opposing party can do this in several ways. For example, the opposing party may testify under oath or declare under penalty of perjury that the party never saw or does not remember seeing the agreement, or that the party never signed or does not remember signing the agreement. (See *Bannister, supra*, 64 Cal.App.5th at p. 116 [never saw or signed agreement]; *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1065 (*Fabian*) [never given or signed contract]; *Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1054 (*Espejo*) [did not recall seeing or signing document]; *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 846 (*Ruiz*) [did not recall signing agreement].)

If the opposing party meets its burden of producing evidence, then in the third step, the moving party must establish with admissible evidence a valid arbitration agreement between the parties. The burden of proving the agreement by a preponderance of the evidence remains with the moving party. (*Rosenthal, supra*, 14 Cal.4th at p. 413.)

Although "public policy favors contractual arbitration as a means of resolving disputes [. . .] that policy ""does not extend to those who are not parties to an arbitration agreement, and a party cannot be compelled to arbitrate a dispute that he has not agreed to resolve by arbitration.""" (*Espejo, supra*, 246 Cal.App.4th at p. 1057.)

6

B.    *Standard of Review*

"""There is no uniform standard of review for evaluating an order denying a motion to compel arbitration.""" (*Fabian*, *supra*, 42 Cal.App.5th at p. 1066.)

"We review an order denying a [motion or] petition to compel arbitration for abuse of discretion unless a pure question of law is presented.  In that case, the order is reviewed de novo." (*Espejo*, *supra*, 246 Cal.App.4th at pp. 1056-1057.)

Where the decision is based on a finding of fact, """we adopt a substantial evidence standard.""" (*Fabian*, *supra*, 42 Cal.App.5th at p. 1066.)

Where the decision "is based on the court's finding that [the party seeking arbitration] failed to carry its burden of proof, the question for the reviewing court is whether that finding is erroneous as a matter of law." (*Fabian*, *supra*, 42 Cal.App.5th at p. 1066.)  """Specifically, the question becomes whether appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"""
(*Id.* at p. 1067.)

"""[W]here, as here, the judgment is against the party who has the burden of proof, it is almost impossible for [that party] to prevail on appeal by arguing the evidence compels a judgment in [that party's] favor.  That is because unless the trial court makes specific findings of fact in favor of the losing [party], we presume the trial court found the [party's] evidence lacks sufficient weight and credibility to carry the burden of proof.  [Citations.]  We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence.""" (*Fabian*, *supra*, 42 Cal.App.5th at p. 1067.)  "The appellate court cannot substitute its factual determinations for those of the trial court; it must view all factual

7

matters most favorably to the prevailing party and in support of the judgment.  [Citation.]  "'All conflicts, therefore, must be resolved in favor of the respondent.'"'[3]  (*Ibid*.)

C.    *Gamboa Produced Evidence To Challenge the Authenticity of the Arbitration Agreement*

Although not explicit, the trial court necessarily found Gamboa challenged the authenticity of the arbitration agreement because the court ultimately found the Clinic did not "meet its burden to show a contract was formed."  (*Ruiz*, *supra*, 232 Cal.App.4th at p. 842 ["Because a statement of decision was available but not requested, we apply the doctrine of implied findings and presume the court made all factual findings necessary to support its order—to the extent substantial evidence supports such findings."].)

The trial court did not err.  Substantial evidence supports a finding Gamboa challenged the agreement.  The Clinic may have met its burden on the first step by attaching to Lopez's declaration a copy of the arbitration agreement purporting to bear Gamboa's signature.  (See *Bannister*, *supra*, 64 Cal.App.5th at p. 541.)  But Gamboa likewise met her burden on the second step by filing an opposing declaration, saying she did not recall the agreement and would not have signed it if she had been aware of it:  "I do not remember these documents at all . . . .  Had I been made aware of

_____

[3]    The Clinic suggests review should be de novo, claiming the appeal turns on legal issues or issues based on undisputed facts.  But this appeal turns on facts and evidence that were hotly contested.  And even under de novo review, the trial court did not err.  The Clinic failed to meet its burden of proving the existence of an arbitration agreement with Gamboa by a preponderance of the evidence because, as discussed, the Clinic did not proffer any admissible evidence of the challenged agreement.

8

the existence of an arbitration agreement, and been explained its provisions, I would not have signed any such documents."

*Ruiz*, *supra*, 232 Cal.App.4th at page 836, is instructive. In that case, the defendant petitioned to compel arbitration and confronted the plaintiff with an arbitration agreement. (*Id.* at pp. 838-840.) "In his opposing declaration, [the plaintiff] averred he did not recall signing any arbitration agreement [at any time] and if he had been presented with an agreement that limited his ability to sue [the defendant] he would not have signed it." (*Id.* at p. 840.) The trial court "denied the petition on the ground [the defendant] 'failed to establish that an [a]rbitration [a]greement in fact exists between'" the parties. (*Id.* at p. 841.) The court of appeal affirmed, explaining that not remembering an arbitration agreement is a challenge to its signature: "Though [the plaintiff] did not deny that the electronic signature on the [arbitration] agreement was his, he claimed he did not recall signing the [arbitration] agreement and would not have signed it had it been presented to him. In the face of [plaintiff's] failure to recall signing the [arbitration] agreement, [the defendant] had the burden of proving by a preponderance of the evidence that the electronic signature was authentic." (*Id.* at p. 846 [citing Evidence Code section 1401, subdivision (a), which states, "Authentication of a writing is required before it may be received in evidence."].)

The Clinic claims, without citation to authority, that *Ruiz* is distinguishable because *Ruiz* involved an electronic signature and this case involves a handwritten signature. But that is a distinction without a legal difference. Civil Code section 1633.7, subdivision (b), provides electronic and handwritten signatures have the same legal effect and are equally enforceable. (Civ. Code, § 1633.7, subd. (a) ["A record or signature may not be denied legal effect or enforceability solely because it is in electronic form."].)

The Clinic's reliance on *Condee, supra,* 88 Cal.App.4th at page 215, is misplaced, and *Ruiz* demonstrates why. In *Ruiz,* the defendant also relied on *Condee* to argue it did not have to authenticate the signature on the arbitration agreement to meet its burden of proving by a preponderance of the evidence that an arbitration agreement existed between the parties. (*Ruiz, supra,* 232 Cal.App.4th p. 845.) The court of appeal disagreed, explaining "[p]roperly understood, *Condee* holds that a petitioner is not required to authenticate an opposing party's signature on an arbitration agreement *as a preliminary matter* in moving for arbitration *or* in the event the authenticity of the signature is not challenged." (*Id.* at p. 846.) In *Ruiz,* the court explained that the plaintiff had challenged the signature's authenticity by saying he did not recall the arbitration agreement. (*Ibid.*)

In any case, we need not decide whether Gamboa challenged the authenticity of her purported signature on the arbitration agreement. It was enough that she challenged the authenticity of the agreement by saying under penalty of perjury that she did not remember it.

D. *The Clinic Failed To Establish a Valid Arbitration Agreement by a Preponderance of the Evidence*

The trial court found the Clinic did not "meet its burden to show a contract was formed." (*Ruiz, supra,* 232 Cal.App.4th at p. 842.) The court did not err. The Clinic presented no evidence that Gamboa saw or signed the arbitration agreement because the court sustained Gamboa's objections to the Clinic's proffered evidence.

The court did not abuse its discretion in excluding the Clinic's evidence. (See *In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 837 ["A trial court's decision about the

10

admissibility of evidence is ordinarily reviewed under the abuse of discretion standard"].) Gamboa made several objections to Lopez's declaration, its four individual paragraphs and the attached arbitration agreement, all of which the court sustained. In essence, the Clinic's proffered evidence was inadmissible because it lacked foundational facts. (See Evid. Code, § 403, subd. (a)(1)-(3) ["The proponent of the proffered evidence has the burden of producing evidence as to the existence of the preliminary fact, and the proffered evidence is inadmissible unless the court finds that there is evidence sufficient to sustain a finding of the existence of the preliminary fact," including relevance, personal knowledge or authentication of a writing].)

First, in her declaration, Lopez made significant assertions in paragraphs two (that Gamboa was employed by the Clinic for about two months in 2018), three (that "plaintiff" signed the arbitration agreement) and four (that the agreement was in effect during "plaintiff's" employment). But Lopez did not provide the requisite preliminary facts to show she had personal knowledge about what she said in those paragraphs. (See Evid. Code, §§ 403, subd. (a)(2), 702, subd. (a) ["[T]he testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. Against the objection of a party, such personal knowledge must be shown before the witness may testify concerning the matter."].)[4] Lopez's boilerplate

---

[4] Although Lopez said in paragraph one that she was the human resources director for the Clinic at the time she signed the declaration in August 2019, she did not say whether she watched Gamboa sign the agreement, whether she knew Gamboa, whether she worked at the Clinic during the same time as Gamboa, or whether she was a custodian of records for the Clinic. Notably,

11

sentence, "If called as a witness I could and would competently testify under oath to the above facts which are personally known to me," is not sufficient to establish personal knowledge. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 754 ["'Where the facts stated do not themselves show it, such bare statement of the affiant has no redeeming value and should be ignored.'"].)

Second, the declaration's first paragraph (that Lopez was the human resources director) by itself was irrelevant. (See Evid. Code, §§ 350 ["No evidence is admissible except relevant evidence."], 403, subd. (a)(1).)

Finally, the arbitration agreement was never authenticated. (See Evid. Code, §§ 403, subd. (a)(3), 1400, 1401 ["Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law."].)

Even if the court had admitted Lopez's declaration and the arbitration agreement into evidence, those documents would not have compelled a finding in the Clinic's favor as a matter of law as required for a reversal. This case is like *Fabian*, *supra*, 42 Cal.App.5th at page 1062. In that case, the defendant petitioned to compel arbitration and confronted the plaintiff with an arbitration agreement. (*Id.* at pp. 1064-1065.) In a supporting declaration, the defendant's director of compliance "'summarily asserted' [the plaintiff] 'entered into' the [c]ontract." (*Id.* at p. 1069.) In her opposing declaration, the plaintiff said she did not sign the contract. (*Id.* at p. 1065.) The trial court denied the petition on the ground the defendant "failed to establish that [the

_____

even after Gamboa objected to Lopez's declaration, Lopez did not file a supplemental declaration with this information.

12

plaintiff] electronically [signed] the subject contract." (*Id.* at p. 1066.)  The court of appeal affirmed because the defendant's declarant did not explain how he knew the plaintiff signed the contract: "By not providing any specific details about the circumstances surrounding the [c]ontract's execution, [defendant's declarant] offered little more than a bare statement that [plaintiff] 'entered into' the [c]ontract without offering any facts to support that assertion.  This left a critical gap in the evidence supporting [defendant's] petition. [¶] . . . [O]n appeal, [the defendant] was required to establish that its evidence compelled a finding in its favor as a matter of law.  The [c]ontract and [defendant's] declaration do not compel this finding." (*Id.* at p. 1070.)  In her declaration, Lopez likewise did not explain how she knew Gamboa had seen, much less signed, the arbitration agreement.

The Clinic's reliance on *Espejo*, *supra*, 246 Cal.App.4th at page 1047, is misplaced.  In that case, the court of appeal reversed an order denying a petition to compel arbitration because one of the defendant's supporting declarations was so detailed it established the plaintiff's signature on the arbitration agreement. (*Id.* at p. 1062 [explaining the "declaration offered the critical factual connection" and "provide[d] the necessary factual details to authenticate the document" properly].)

Finally, the Clinic mistakenly argues that the signature on the arbitration agreement is authenticated when compared to the signature on Gamboa's declaration.  The Clinic forfeited this argument because it never raised it in the trial court.  (See *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted below are waived and will not be considered for the first time on appeal."].)  Even if it were properly raised, it would not compel reversal because it would not prove the trial court's finding—that the Clinic failed to

meet its burden of establishing by a preponderance of the evidence that Gamboa signed the arbitration agreement—was "erroneous as a matter of law." (*Fabian, supra*, 42 Cal.App.5th at p. 1066.) This is especially true since the signatures have notable differences.

In sum, once Gamboa produced evidence challenging the authenticity of the purported arbitration agreement, the Clinic was required to rebut the challenge by establishing by a preponderance of the evidence that the agreement was valid. The Clinic did not have to authenticate Gamboa's signature on the arbitration agreement. The Clinic could have met its burden in other ways, including a declaration from the Clinic's custodian of records. But proffering no admissible evidence was insufficient.

## DISPOSITION

The order denying the Clinic's motion to compel arbitration under section 1281.2 is affirmed. Gamboa is entitled to her costs on appeal.

IBARRA, J.*

We concur:

PERLUSS, P. J.          FEUER, J.

---

*          Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14