Filed 11/8/22 Chai v. National Enterprise Systems CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID CHAI,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>    Defendant and Appellant. | H049322<br>(Santa Clara County<br>Super. Ct. No. 20CV361490) |

Respondent David Chai filed a class action complaint against appellant National Enterprise Systems, Inc. (NES) seeking statutory damages under Civil Code section 1788 et seq., the California Rosenthal Fair Debt Collection Practices Act. The trial court denied NES's motion to compel arbitration, finding that NES failed to demonstrate the existence of a binding arbitration agreement between the parties. Finding no error, we affirm the trial court's order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Chai filed a complaint against NES in 2020, claiming that, on an unknown date, he was "alleged to have incurred a financial obligation in the form of a consumer credit account owed to Citibank, N.A. [Citibank]." He admitted that he was unable to pay the debt and defaulted. Chai contended that Citibank sold the debt to USI Solutions, Inc. (USI), for "collection purposes." USI thereafter "hired, contracted, or otherwise engaged" NES to collect the debt on USI's behalf. Chai asserted in the complaint that

NES engaged in a routine practice of sending initial communications that failed to provide notice as required by Civil Code section 1788.14, subdivision (d)(2), which governs attempts to collect "time-barred" debts—those that are "past the date of obsolescence set forth in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1691c). . . ." (Civ. Code, § 1788.14, subd. (d)(2).)

After filing a response to the complaint, in which it alleged that Chai's claims might be subject to an arbitration provision contained within the agreement between Chai and Citibank, NES filed a motion to compel arbitration. In support of the motion, NES offered two purported "cardholder agreements" produced by Citibank in response to a subpoena, issued in a separate action, seeking "credit card agreements, contracts, and any other document that outlines the terms and conditions [of the account belonging to Chai]. . . ." NES provided a declaration from the custodian of records indicating that the records provided were true copies of the records requested in the subpoena, prepared at or near the relevant time in the ordinary course of business. NES also provided a letter from the custodian, not signed under penalty of perjury, indicating that she was enclosing the available card agreement copies for Chai's credit card account. The two documents provided by the custodian are entitled "Card Agreement," one with a copyright date of 2005, and the other with a copyright date of 2011. Both include arbitration provisions. Neither card agreement references Chai by name or account number, and neither includes Chai's signature.

NES submitted the card agreements to the trial court as part of a declaration from its then-attorney, along with a copy of the complaint, NES's answer, and two case management orders. Counsel did not include any additional documents received from Citibank. Nor did counsel provide any substantive declaration regarding Chai's agreement(s) with Citibank.

Chai opposed the motion to compel arbitration, arguing that NES failed to link Chai to the "generic documents" offered with the motion. Chai denied having seen the

2

two card agreements before; he claimed he had not received the documents and had not agreed to be bound by their terms. In reply, NES argued that the card agreements had been properly authenticated.

After considering the parties' written submissions, and hearing oral argument, the trial court determined that the card agreements proffered by NES were not admissible.[1] Even if the court could properly rely on the documents, the trial court found there was no evidence the agreements were ever sent to Chai, nor did NES "explain how [Chai] could have consented to any agreement with which he had never been provided." Having failed to show evidence of mutual assent, the trial court determined NES could not show that the card agreements were enforceable binding arbitration agreements, and thus it denied the motion to compel arbitration.[2] NES timely appealed from the order. (Code Civ. Proc., § 1294, subd. (a); Cal. Rules of Court, rule 8.104(a)(1)(B).)

## II. DISCUSSION

While there is a strong public policy favoring contractual arbitration, that policy only extends to parties who have agreed to arbitrate. (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 165 (*Gamboa*); *Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 787 (*Esparza*).) Thus, when hearing a motion to compel arbitration, the trial court must first determine whether an agreement to arbitrate exists. (See Code Civ. Proc., § 1281.2; *Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 675, 687; *Gamboa*, at p. 164.)

The party seeking to compel arbitration bears the burden to prove the existence of the agreement by a preponderance of the evidence pursuant to California law. (*Gamboa*, *supra*, 72 Cal.App.5th at p. 165.) The moving party must first produce prima facie

---

[1] NES did not designate the record of the oral proceedings as part of the record on appeal.

[2] In the same order, the trial court addressed Chai's motion to compel discovery responses and related sanctions. That portion of the order is not at issue in this appeal.

3

evidence of the written arbitration agreement, either by attaching to the motion a copy of the agreement purporting to bear the opposing party's signature, or by setting forth the agreement's provisions in the motion. (*Ibid.*) If the opposing party disputes the agreement, as is the case here, the burden shifts to the opposing party to challenge the authenticity of the agreement, which the party can do by "testify[ing] under oath or declar[ing] under penalty of perjury that the party never saw or does not remember seeing the agreement, or that the party never signed or does not remember signing the agreement. [Citations.]" (*Ibid.*) If the opposing party meets that burden, the moving party must then establish "with admissible evidence" that a valid arbitration agreement exists between the parties, by a preponderance of the evidence. (*Id.* at pp. 165-166.)

" 'We review an order denying a [motion or] petition to compel arbitration for abuse of discretion unless a pure question of law is presented. In that case, the order is reviewed de novo.' [Citation.]" (*Gamboa*, *supra*, 72 Cal.App.5th at p. 166.) We review any findings of fact for substantial evidence. (*Ibid.*) "Where the decision 'is based on the court's finding that [the party seeking arbitration] failed to carry its burden of proof, the question for the reviewing court is whether that finding is erroneous as a matter of law.' [Citation.]" (*Ibid.*) We view " 'all factual matters most favorably to the prevailing party and in support of the judgment. [Citation.] " 'All conflicts, therefore, must be resolved in favor of the respondent.' " ' [fn. omitted] [Citation.]" (*Id.* at pp. 166-167.) If the order is correct on any theory, we will affirm regardless of the trial court's reasoning. (*Young v. California Fish and Game Commission* (2018) 24 Cal.App.5th 1178, 1192-1193.)

" ' "In California, '[g]eneral principles of contract law determine whether the parties have entered a binding agreement to arbitrate.' [Citations.]" [Citation.] "An essential element of any contract is the consent of the parties, or mutual assent." [Citation.] [Citation.] Further, the consent of the parties to a contract must be communicated by each party to the other. (Civ. Code, § 1565, subd. 3.) "Mutual assent is determined under an objective standard applied to the outward manifestations or

4

expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." [Citation.]' [Citation.]" (*Esparza*, *supra*, 2 Cal.App.5th at pp. 787-788.)

Applying these principles, we conclude that NES failed to meet its burden to prove the existence of an arbitration agreement between Citibank and Chai.[3] While the trial court found the card agreements offered by NES in support of the motion to be inadmissible, we need not determine whether it erred in doing so. Even if we assume without deciding that the agreements were admissible, NES did not provide sufficient evidence to demonstrate that Chai received the agreements or accepted their terms. Neither of the agreements are signed by Chai, or contain any reference to Chai, either by name or by account number. While the custodian of records for Citibank declared that the agreements were linked to Chai's credit card account, the custodian did not declare how or if the agreements were provided to Chai for his review and acceptance. NES did not provide any evidence that the card agreements were given to Chai, or that Chai assented to the terms of the agreements.

Although NES cites *Gamboa* in support of its contention that it met its burden on the motion to compel arbitration, the appellate court's opinion reveals the opposite. In *Gamboa*, the court determined that the moving party met the first step of its burden by providing a copy of a signed arbitration agreement with its motion. (*Gamboa*, *supra*, 72 Cal.App.5th at p. 167.) Here, NES met the first step of its burden by setting forth the provisions of the alleged arbitration agreement in its motion. (See *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215, 219 [as a preliminary matter the moving party need only allege the existence of an agreement and support the allegation by providing a recitation of its terms].) Both here and in *Gamboa*, the party opposing

---

[3] Because we find NES did not prove the existence of an agreement between Citibank and Chai, we need not determine whether Citibank or its successor, USI, assigned the right to compel arbitration to NES.

5

arbitration met the burden under the second step by filing an opposing declaration. In *Gamboa*, when presented with an agreement she allegedly signed, the opposing party declared that she did not recall the arbitration agreement and would not have signed it if she had been aware of it. (*Gamboa*, at p. 167.) Here Chai declared under penalty of perjury that he had not seen or received the card agreements prior to receiving them as part of NES's motion to compel arbitration. He denied agreeing to settle disputes regarding the Citibank account in arbitration. This sufficiently met the second step of the burden shifting process, thus shifting the burden back to NES to establish the existence of a valid arbitration agreement between the parties.

As was true in *Gamboa*, here, NES did not meet that burden. In *Gamboa*, the trial court properly excluded the declaration offered by the moving party as lacking foundational facts, as the declarant did not show that she had personal knowledge of the asserted facts, and the purported arbitration agreement was not authenticated. (*Gamboa*, *supra*, 72 Cal.App.5th at pp. 168-169.) However, the appellate court found that even if the court had admitted the declaration and agreement, those documents did not compel a different result, as the documents did not explain how the declarant knew that the opposing party had either seen or signed the arbitration agreement. (*Id*. at p. 170.)

Similarly, the evidence offered by NES in support of the motion to compel arbitration did not demonstrate that Chai had seen or accepted the subject card agreements. NES contends that Chai's admission in his complaint that he had a credit account with Citibank, coupled with the declaration and letter from the Citibank custodian of records that the card agreements she produced were from Chai's credit account, show that Chai received and accepted the card agreements. But NES misses an important link in the chain necessary to form an enforceable contract. There is no evidence in the record that Citibank provided the card agreements to Chai at any point. Thus, if the court were to accept the premise that Citibank intended the card agreements offered with the motion to compel to govern Chai's account, there is no evidence that

6

Citibank communicated that intent to Chai, or that Chai subsequently communicated his intent to be bound by the agreements in using the credit account. While NES cites caselaw allowing the court to infer an agreement to repay the debt from Chai's use of the card (see *In re Anastas* (1996) 94 F.3d 1280, 1285), it does not cite legal authority that allows us to infer consent to the arbitration provisions of the card agreements absent evidence Citibank provided the agreements to Chai. This is not a situation where the evidence shows the cardholder received but failed to read the written agreement. Were that the case, Chai would still be bound by the terms. (See *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1215.) Rather, NES has failed entirely to demonstrate that Citibank provided Chai with the card agreements containing the arbitration provisions. Absent such evidence, the trial court properly determined that NES failed to meet its burden to prove the existence of the agreement by a preponderance of the evidence.

### III.  DISPOSITION

The June 24, 2021 order denying NES's motion to compel arbitration is affirmed. Costs on appeal are awarded to Chai. (Cal. Rules of Court, rule 8.278(a).)

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

Chai v. National Enterprise Systems, Inc.
H049322