Filed 12/31/24  Hernandez v. GNIMGT CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MILIPZA ANDRADE HERNANDEZ,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GNIMGT, INC. et al.,<br><br>    Defendants and Appellants. | A165694<br><br>(Sonoma County<br>Super. Ct. No.  SCV269254) |

This appeal concerns an employer who, after being sued by a former employee who claimed it had violated various provisions of the Labor Code, moved to compel arbitration under an agreement the employee had signed at the outset of her employment.  The employer attached a signed copy of the agreement with its moving papers, and the employee opposed the motion with evidence showing there was no mutual assent to arbitration and the agreement was in any event unconscionable.  On reply, arguing there was a valid arbitration agreement based on mutual assent, the employer relied on evidentiary objections to the employee's declaration.  It did not otherwise contest the facts in the employee's declaration.

The trial court issued a tentative ruling denying the employer's motion on the ground that the facts in the employee's declaration established there was no mutual assent to the arbitration agreement.  It also ruled on the

1

employer's objections to that declaration, finding most of them unmeritorious. It continued the hearing to allow the employee to rectify the evidentiary deficiency. When the employer requested that it be allowed to submit new evidence contesting the facts in the declaration if the employee addressed the evidentiary issue, the court declined to reopen the motion for new evidence on the merits. It ultimately denied the motion consistent with its tentative ruling.

The employer appeals, claiming the trial court unfairly denied it the chance to present evidence, violating its right to due process. We disagree. Motions to compel arbitration are subject to the statutory procedures that govern law and motion proceedings, including the deadlines for submission of motion papers and accompanying evidence. The deadline for reply briefs and accompanying evidence was not altered by case law applying a three-step process for presenting evidence on motions to compel arbitration. The employer could have submitted any responsive evidence with its reply brief. Where, as here, a party seeks to reopen a law and motion matter by filing late papers, the trial court has broad discretion, which it did not abuse here in rejecting the employer's proposal to submit new evidence after the court had issued its tentative ruling. The employer has failed to show the trial court prevented it from presenting evidence, treated it unfairly or was arbitrary and thus does not establish a violation of due process. We affirm.

## BACKGROUND

In 2019, Milipza Andrade Hernandez was hired as a housekeeper by GNIMGT, Inc., an entity that that operates a chain of "Good Nite Inn" economy hotels in California. In 2021, it terminated her employment, and several months later she sued GNIMGT, Inc., Good Nite Inn, Inc., Good Nite Inn Management, Inc. and 15 Good Nite Inns situated in locations

2

around California, along with two individuals, Nicholas Ho and Philip Ho, who are president and/or hold managing interests in the Inns (collectively Good Nite Inns), on her own and others' behalf alleging violations of the Labor Code and Labor Commission work orders, including failing to: pay overtime compensation, provide and pay properly for statutorily required meal and rest breaks, reimburse for necessary business expenses and pay wages due on termination of employment.

Shortly after Hernandez filed suit, Good Nite Inns moved to compel arbitration of Hernandez's claims, asserting she had signed an arbitration agreement at the outset of her employment. They submitted a declaration from their Human Resources Manager, Liz Gutierrez, attaching an arbitration agreement, in English, that she obtained from Hernandez's personnel file. Gutierrez said the agreement was signed by Hernandez and gave her the opportunity to opt out, though Hernandez never did so.

Hernandez opposed the motion on the ground, among others, that mutual assent was lacking and thus there was no valid arbitration agreement. Hernandez had filed a declaration stating she did not recall being provided with or signing the arbitration agreement at any point while working for Good Nite Inns; that if she had been aware of the agreement and its meaning she would not have signed it; that Spanish is her native language and she has no proficiency reading or writing in English; that she was required to sign several documents prior to being hired; that because those documents were in English, she could not understand them; that she told Good Nite Inns during the interview process she could not understand anything written in English; that they did not allow her to take the documents home and have them translated;

3

that the representative of Good Nite Inns she met with told her she did not need to worry about what was in them, they were routine new hire paperwork and she was required to sign them immediately if she wanted a job; that some documents had Spanish on them but the alleged arbitration agreement did not have a translation; and that no one explained to her she was signing an arbitration agreement, she was waiving her right to appear before a court or what an arbitration proceeding was. The declaration also stated that if she had understood she could opt out of the arbitration agreement, she would have. Based on what Good Nite Inns represented, she thought she was just signing paperwork Good Nite Inns needed to allow her to start working. She stated the declaration she was signing, which was in English, was accurately translated to her by one of her attorneys who is competent in both English and Spanish.

Good Nite Inns filed a reply that did not address the merits of Hernandez's argument that there was no mutual assent for the arbitration agreement or present any evidence contradicting her declaration. Instead, they objected to the declaration on several grounds, including that Hernandez's assertion that she lacked proficiency to read or write in English either did not mean she could not read English or was refuted by her having signed a declaration in English and, in the alternative, if she could not read English, there was no foundation for her assertion that the attorney who translated the declaration did so accurately. They contended her declaration was therefore entirely inadmissible.

The trial court held a hearing on the motion, at which the parties both argued. Before the hearing, it issued a lengthy tentative ruling concluding that Good Nite Inns met their initial burden to show the

4

existence of an arbitration agreement, but the facts set forth in Hernandez's declaration established she did not assent to the arbitration agreement. It observed that "Defendants have not provided any evidence to contradict [those] facts."

The trial court rejected most of Good Nite Inns' evidentiary objections, including the objection that Hernandez's declaration "does not truly establish that she cannot read and write in English," finding it "clear from the entirety of the declaration that Plaintiff is asserting that she cannot read English." It found one of Good Nite Inns' objections "well taken," specifically its contention that Hernandez's declaration "insufficiently establishes that she knows what it says," since "[n]o other declaration has been provided stating that each sentence was accurately translated to the Plaintiff in Spanish." The tentative ruling stated the court would continue the matter for Hernandez to correct this deficiency.

Before and at the hearing, after the trial court had issued its tentative ruling, defense counsel asked whether, because the court was allowing Hernandez to "correct the evidentiary deficiencies" Good Nite Inns had raised, it would allow Good Nite Inns "the corresponding ability to now rebut the actual substance of many of the statements made in the declaration." Defense counsel made clear they were not asking to address the evidentiary issue but wanted to address the "actual substance of the circumstances surrounding execution of the arbitration agreement itself," explaining, "what we are seeking is the opportunity to provide a supplemental declaration showing that there was consent to the arbitration agreement in the first place irrespective of the [Hernandez]

declaration." Beyond that, they did not make an offer of proof or otherwise describe what the evidence they sought to introduce would show.

The court denied the request because Good Nite Inns had already had the opportunity in their reply to respond to the "facts in the declaration submitted by the Plaintiff." However, it stated that Good Nite Inns could present further argument at the continued hearing. The court adopted its tentative ruling and continued the motion for a further hearing.

As permitted by the court, prior to the continued hearing, Hernandez's counsel submitted a declaration attesting that he is her counsel, he is competent in English and Spanish, he spoke with her prior to preparing her declaration, and he provided a true and accurate Spanish translation of the declaration to her before she signed it. He attested that he accurately translated "each sentence of the declaration" to her in Spanish and that she "confirmed to me that she agreed with the proposed declaration and would provide her signature."

At the continued hearing, defense counsel argued the attorney's declaration lacked foundation for the assertion that he was competent to translate from English to Spanish and that only a declaration from a certified translator would suffice. Defense counsel also urged the court to reconsider Good Nite Inns' request to "introduce additional evidence" if it overruled his objections to the attorney declaration.

At the conclusion of the second hearing, the court adopted the tentative ruling it had issued before that hearing. That ruling was similar to its first tentative ruling except that it addressed and rejected Good Nite Inns' objections to the attorney declaration and added a paragraph

6

addressing Good Nite Inns' request to submit additional evidence responding to the substance of Hernandez's declaration. The paragraph stated, "Defendants also complain that this Court has allowed Plaintiff to 'correct deficiencies with the evidence she submitted in opposition to Defendants' Motion, while <u>precluding</u> Defendants from submitting additional evidence regarding the proper formation of the subject arbitration agreement.' They argue that the Court is allowing Plaintiff to provide 'additional' evidence. The Court has <u>not</u> allowed Plaintiff to provide additional evidence. The Court has only allowed Plaintiff the chance to present her side by allowing her to establish that she understood the testimony presented to this Court in her opposition. Defendants have already had their chance to object to the Hernandez declaration—which remains the same. Defendants chose not to provide evidence contradicting the substance of the Hernandez declaration but instead relied only on procedural objections. Allowing Plaintiff to clear procedural hurdles does not mean Defendants should get a second chance to disprove the substance of her testimony."

Good Nite Inns timely appealed from that order.

## DISCUSSION

On appeal, Good Nite Inns do not challenge the trial court's finding that the Hernandez declaration establishes a lack of mutual assent to arbitrate disputes or contend the denial of the motion was erroneous based on the record the parties presented. They raise one argument only—that in denying them the right to submit new evidence after the matter was fully briefed and the trial court had issued its tentative ruling, the court deprived them of "the chance to submit evidence in response to M[s.]

7

Hernandez's evidence disputing formation." They do not claim they lacked the ability to do so when they filed their reply papers but argue that, at that time, "there was no admissible evidence against which to respond" and they were not required to submit any evidence. They claim that by denying them a second opportunity after the court allowed Hernandez to rectify the evidentiary deficiency, the trial court denied them the opportunity to respond which was "a paradigmatic *due process* violation."

## I.

### *Standards of Review*

The parties agree that we review orders denying motions to compel arbitration for abuse of discretion unless the matter presents a pure question of law, which we review de novo. (*Iyere v. Wise Auto Group* (2023) 87 Cal.App.5th 747, 755; accord, *Theresa D. v. MBK Senior Living LLC* (2021) 73 Cal.App.5th 18, 24.)[1] "As to what such showing requires," we recently observed, "it has been described in terms of a decision that 'exceeds the bounds of reason' [citation], or one that is arbitrary, capricious, patently absurd, or even whimsical. [Citations.] In its most recent observation on the subject, our Supreme Court said that 'A ruling that constitutes an abuse of discretion has been described as one that is "so irrational or arbitrary that no reasonable person could agree with it." '

---

[1] We and other divisions of this court have also stated, " '[w]e review the trial court's findings of disputed facts for substantial evidence.' " *Haydon v. Elegance at Dublin* (2023) 97 Cal.App.5th 1280, 1287 (*Haydon*); *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1196 (*Ring*).) However, this appeal does not address disputed facts but rather challenges a discretionary procedural ruling by the court, which as we shall discuss, is reviewed for abuse of discretion.

[Citation.]" (*Artus v. Grammercy Towers Condominium Assn.* (2022) 76 Cal.App.5th 1043, 1051.)

Defendants contend that because they have framed their claim as one for violation of procedural due process, however, we must apply de novo review.

## II.

### *Governing Law and Motion Principles*

Law and motion is not an open-ended process in which parties go round and round submitting evidence and arguments until counsel's imagination has been exhausted. It is governed by a statute that provides for a beginning and an end. Under Code of Civil Procedure section 1005, subdivision (b), "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing. The moving and supporting papers served shall be a copy of the papers filed or to be filed with the court." As to what is supposed to happen after the motion and opening papers are filed, section 1005, subdivision (b) provides, "All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days, and all reply papers at least five court days before the hearing." California Rules of Court, rule 3.1300,[2] entitled, "Time for filing and service of motion papers," provides that "[u]nless otherwise ordered or specifically provided by law, all moving and supporting papers must be served and filed in accordance with Code of Civil Procedure section 1005 and, when applicable, the statutes and rules providing for electronic filing and service." (Rule 3.1300(a).)

---

[2] All further references to rules are to the California Rules of Court.

Under these rules, the moving party's opportunity to present evidence contesting that proffered by the opposing party is at the time it files its reply—which is generally its last opportunity to submit arguments or evidence. If instead, the moving party makes a tactical decision, as Good Nite Inns appareGontly did here, to reply with evidentiary objections and legal arguments alone, it is not entitled to reopen the briefing or offer new evidence and may do so only if the trial court exercises its discretion to allow it. "A trial court has broad discretion under rule 3.1300(d) of the Rules of Court[3] to refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission." (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765; accord, *Choi v. Sagemark Consulting* (2017) 18 Cal.App.5th 308, 322 (*Choi*).) This rule is not new. Twenty-five years ago, citing even earlier decisions, we stated, "the general rule requires that late submission of late discovered evidence must be based upon a showing of diligence on the part of the submitting party." (*Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 623, disapproved on other grounds in *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1031, fn. 6.)

This statutory and rule-based law and motion procedure applies to motions to compel arbitration as it does to most other motions. (Code Civ. Proc., § 1290.2 ["A petition under this title shall be heard in a summary way in the manner . . . provided by law for the making and hearing of motions"].) A trial court has the same discretion to allow or decline to consider late filed papers on motions to compel arbitration as it does for

---

[3] Rule 3.1300(d) indicates that a trial court has discretion to "refuse[] to consider a late filed paper," directing that such refusals should be reflected in orders or minutes.

10

late-filed summary judgment papers. (See *Choi, supra,* 18 Cal.App.5th at p. 322 [trial court had discretion to disregard evidence submitted by party opposing summary judgment on day of hearing, where there was no showing of good cause for filing after deadline for opposition]; *Samaniego v. Empire Today LLC* (2012) 205 Cal.App.4th 1138, 1146 (*Samaniego*) [affirming exercise of discretion to reject evidence filed on day of hearing by party moving to compel arbitration].)

Indeed, we recently affirmed a trial court's decision in connection with a motion to compel arbitration to deny leave to both parties to file late papers. (*Ring, supra,* 91 Cal.App.5th at p. 1210.) On appeal, Ring argued the trial court abused its discretion in denying its request to supplement the record. (*Id*. at p. 1196.) We disagreed, based on the trial court's " 'broad discretion to accept or reject late-filed papers,' " applying our highly deferential abuse-of-discretion standard of review. (*Id*. at p. 1210.)

Division Three of this court ruled similarly in *Haydon, supra,* 97 Cal.App.5th 1280. There, defendants moved to compel arbitration, and in opposition the plaintiff claimed she lacked capacity to agree to it and the arbitration provision was unconscionable. The plaintiff's daughter submitted a declaration addressing her mother's cognitive disorder, which had been communicated to defendants, and the circumstances surrounding execution of the agreement showing unconscionability. (*Haydon,* at pp. 1284-1285.) With their reply, defendants filed a declaration of the salesperson who had interacted with the daughter denying having made the statements she attributed to him. (*Ibid*.) The court issued a tentative ruling denying the motion, crediting the declaration of plaintiff's daughter

11

over that of defendants' salesperson and finding a high degree of procedural unconscionability. (*Ibid.*)

After the tentative ruling issued and on the eve of the hearing, defendants filed a supplemental declaration attaching what they claimed were emails contradicting the daughter's declaration. (*Haydon, supra,* 97 Cal.App.5th at pp. 1285-1286.) The court declined to consider the late-filed evidence, adopted its tentative ruling and denied the motion to compel arbitration. (*Id.* at p. 1286.) On appeal, the defendants contended the trial court abused its discretion by failing to consider the supplemental declaration. (*Id.* at p. 1289.) Citing *Ring*, our Division Three colleagues rejected the argument, stating, "Here, the court considered defendants' reply evidence, and did not abuse its discretion when it drew the line at additional new evidence well past both the reply deadline and the original hearing date." (*Haydon,* at p. 1289.)

And in *Samaniego v. Empire Today LLC*, *supra*, 205 Cal.App.4th at page 1146, Division Three of this court affirmed a trial court's decision denying a motion to compel arbitration challenged on grounds of unconscionability, where the moving party attempted to file "reply" declarations on the date of the hearing without any "plausible explanation for its tardiness." As the court there explained, " 'The requirement that opposing papers be filed a reasonable time in advance of the hearing helps to ensure that the court and the parties will be familiar with the facts and the issues so that meaningful argument can take place and an informed decision rendered at the earliest convenient time.' " (*Ibid.*)

12

## III.

### *Application to This Case*

The motion proceedings in this case were similar in many respects to those in *Ring* and *Haydon* cases. Here, after the motion to compel arbitration was fully briefed and the court had issued its tentative ruling, Good Nite Inns requested to submit supplemental papers. Good Nite Inns failed to explain why they had not done so when they filed their reply and made no effort to show any good cause for submitting evidence after the reply. They could not show they were surprised by the substance of Hernandez's declaration, since that declaration was timely filed and served on them as part of Hernandez's opposition, which was well before Good Nite Inns' reply papers were due. Nor did they claim there had been any change in the law or some relevant circumstance between Hernandez filing her opposition and the date of the hearing. And at no point did they describe in any detail what the declaration they were requesting to submit would likely say. As far as we can tell, the only meaningful development that occurred between Hernandez's opposition and the hearing on the motion was that the trial court had issued its the tentative decision finding the facts in Hernandez's declaration "establish[ed] that she did not assent to the arbitration agreement" and allowing her to rectify the missing foundation for her statement that her attorney had accurately translated her declaration to her from English to Spanish.

The trial court allowed defendants to respond to the foundational declaration of Hernandez's attorney, which simply verified that he was fluent in both English and Spanish and had translated Hernandez's declaration accurately before she signed it. Defendants responded to it by

13

objecting on various evidentiary grounds, which the trial court considered and overruled. What the court declined to do was to allow defendants to submit new substantive evidence regarding whether there was mutual assent to the claimed arbitration agreement.

Defendants do not argue the court's decision declining to consider new evidence was an abuse of discretion. Instead, they construct an argument that due process required the trial court to exercise that discretion in defendants' favor. Hernandez counters that defendants "did have the chance to contest Plaintiff's testimony" and "could have disputed the merits of Plaintiff's declaration but failed to do so." She argues, the law does not allow for " 'do-overs' " or "permit a 'second bite at the apple' . . . *after* the Trial Court tentatively ruled against Good Nite." Hernandez's argument overstates the point; the law does *allow* a trial court to accept new evidence but does not *compel* a trial court to do so and vests broad discretion in the court to accept or reject late-filed briefing or evidence.

Defendants do not argue that, and cite no statute or rule providing that, motions to compel arbitration are exempt from the law and motion statutes and rules.[4] However, they suggest that the " 'three-step burden-

_____

[4] The Rule of Court specifically governing motions to compel arbitration, rule 3.1330, provides, "A petition to compel arbitration or to stay proceedings pursuant to Code of Civil Procedure sections 1281.2 and 1281.4 must state, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration. The provisions must be stated verbatim or a copy must be physically or electronically attached to the petition and incorporated by reference." Rule 3.1330 does not purport to alter the law and motion deadlines the Legislature adopted in Code of Civil Procedure section 1005 and made applicable to motions to compel arbitration in section 1290.2.

14

shifting process' applicable to Good Nite Inn[s'] motion to compel arbitration let [them] wait until after Ms. Hernandez 'offer[ed] *admissible* evidence creating a factual dispute' about formation to introduce evidence 'proving, by a preponderance' that an agreement to arbitrate exists." Although it is less than clear, we understand Good Nite Inns' argument to be that case law establishing the three-step process for deciding whether the parties entered a valid arbitration agreement implicitly adds an extra round of evidence submission to the law and motion process prescribed by section 1005.

Citing *Iyere v. Wise Auto Group, supra,* 87 Cal.App.5th at page 755, Good Nite Inns describe the "three-step burden-shifting process" courts employ in addressing petitions to compel arbitration where the parties dispute the existence of an agreement to arbitrate. The moving party seeking to compel arbitration bears the ultimate burden of establishing the existence of an agreement. It may meet that burden initially by attaching a copy of the agreement purportedly bearing the opposing party's signature, which shifts to the opposing party the burden to " 'identify a factual dispute as to the agreement's existence.' " If the opposing party offers admissible evidence creating a factual dispute as to the existence of an agreement, the burden shifts back to the moving party to prove by a preponderance of the evidence that an agreement to arbitrate exists. Good Nite Inns cite summary judgment cases for the proposition that "the *nonmoving* party opposing a summary judgment motion has no burden to come forward with any evidence until the moving party has discharged its burden of proof" and contend that "the proponent of an arbitration agreement does not have to offer evidence substantiating

15

formation until after the opposing party introduces *evidence* that disputes formation."

The problem with this argument is that it doesn't get Good Nite Inns where they want to end up, with a right to refrain from proffering counter evidence at the reply stage and to add a *fourth* step giving them a second chance to do so. It is true that no party is *required* to offer evidence in opposition to its opponent's evidence at any stage of a proceeding or, for that matter, at all. Indeed, it can instead make a tactical decision not to proffer such evidence and to rely on objections or on legal arguments rather than submitting evidence to counter that submitted by its opponent. But if it makes that tactical decision, that does not give it free rein to await a tentative decision and then, seeing it is likely to lose, to offer substantive evidence after the statutory deadline for its response has long since passed.

Summary judgment case law does not support Good Nite Inns' argument. (See, e.g., *Choi, supra,* 18 Cal.App.5th 317-318, 320-322 [rejecting claim that trial court erred by refusing to consider legal theories and evidence omitted by non-moving party in opposition and not submitted until after court issued tentative ruling, at hearing on summary judgment motion]; *Mackey v. Board of Trustees of Cal. State University* (2019) 31 Cal.App.5th 640, 657 [no abuse of discretion in rejecting evidence filed by non-moving party four days after moving party filed reply and three days before hearing on summary judgment motion].)

Nor did *Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047 (*Espejo*), the case on which Good Nite Inns rely, hold that ordinary law and motion rules are altered by the three-step

16

burden-shifting process by allowing a party to decline to offer evidence in the normal course of the briefing process but do so after a tentative ruling has issued rejecting its other evidence or arguments.  The issue in *Espejo* was the timeliness of the moving party employer's supplemental declaration, submitted after the motion to compel was filed but before the employee filed opposition, providing additional details regarding the electronic review and signature process for employee agreements to authenticate the employee's electronic signature.  (*Espejo*, at pp. 1053-1054, 1056.)  The employer had already submitted a copy of the agreement and declarations stating that it had been sent to the employee and the employee had electronically signed it.  (*Id.* at pp. 1052-1053.)  The issue of timeliness turned on whether the employer was required to authenticate the employee's signature as part of their initial petition.  (*Id.* at p. 1056.)  The employer contended the supplemental declaration was timely because it was not required to authenticate the employee's signature until the employee had challenged its authenticity.  (*Ibid.*)  Relying on case law interpreting Code of Civil Procedure section 1281.2[5] and rule 3.1330 of the California Rules of Court (Rule 3.1330),[6] the court agreed with the

---

[5]  That section provides, in relevant part, "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists," unless it makes findings regarding certain defenses.

[6]  Rule 3.1330 provides, "A petition to compel arbitration . . . must state, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration.  The

17

employer. (*Espejo,* at pp. 1058-1060, citing *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215.) The court followed *Condee*, which had held that " 'it is not necessary to follow the normal procedures of document authentication' " in a petition to compel arbitration and that " 'as a preliminary matter the [trial] court is only required to make a finding of the agreement's existence, not an evidentiary determination of its validity.' " (*Espejo*, at p. 1058.) In adopting the position of *Condee* and other courts that the *initial burden* of the party moving to compel arbitration is thus limited, the *Espejo* court stated, "Because defendants were not required to establish the authenticity of Espejo's signature on the [arbitration agreement] until challenged by Espejo in his opposition, they were not required to file [their] supplemental . . . declaration pursuant to the deadline set by section 1005, subdivision (b) for a party's moving papers." (*Espejo,* at p. 1060.) It agreed with defendants that they were not required to offer that evidence until their reply. (*Id.* at pp. 1056, 1060.)

Nothing in *Espejo* suggests that the law and motion procedures in the arbitration context are altered in any way other than limiting the initial showing a party moving to compel arbitration must make. It did not hold or imply that the moving party may submit evidence at some point *after* it files its reply. On the contrary, the court agreed with defendants that the time for the moving party to present its evidence responding to any evidence the non-moving party submits in opposition is when the moving party files its reply papers.

---

provisions must be stated verbatim or a copy must be physically or electronically attached to the petition and incorporated by reference."

18

In short, the trial court's refusal to consider new evidence Good Nite Inns could have offered at the reply stage but chose not to was well within its discretion to enforce the deadlines of Code of Civil Procedure section 1005. Good Nite Inns presented no explanation for their failure to submit such evidence with their reply when they knew full well what facts Hernandez was asserting and provided no good cause justifying deviation from the law and motion deadlines.

## IV.

### *Good Nite Inns Have Not Shown any Due Process Violation.*

Turning to Good Nite Inns' due process argument,[7] they quote *Gray v. Witmore* (1971) 17 Cal.App.3d 1 for the broad proposition that the procedural component of the due process clause in article I, section 7(a) of our state Constitution requires " 'notice,' " " 'an opportunity to defend' " and " 'essential fairness.' " They do not contend they were denied notice but argue that they "never had the chance to submit evidence in response to Mr. [*sic*] Hernandez's evidence disputing formation." They assert that courts need not "adhere strictly to motion rules at the expense of 'essential fairness' and 'an opportunity to defend,' " that " '[t]he opportunity to be heard must be afforded "at a meaningful time and in a meaningful manner," ' " and that "[t]he 'three-step burden-shifting process' applicable to Good Nite Inn's motion to compel arbitration let it wait until *after* Ms. Hernandez 'offer[ed] *admissible* evidence creating a factual dispute' about formation to introduce evidence 'proving, by a preponderance' that

---

[7] Although Good Nite Inns did not expressly raise a due process argument in the trial court, Hernandez does not argue that they forfeited the issue. We therefore address the argument on the merits.

19

an agreement to arbitrate exists." They contend that "[b]y denying [them] leave to do so once Ms. Hernandez satisfied her burden, the trial court denied [them] a fair 'opportunity [to] defend' " and "denied [them] due process." Finally, in their reply brief, Good Nite Inns suggest that the trial court's decision to allow Hernandez to correct the foundational defect in her declaration in essence resulted in evidence that was " 'new, surprising, and relevant.' " They argue that when they "filed [their] reply, there was no reason to believe that Ms. Hernandez could rehabilitate her inadmissible declaration" and that "[w]hen she did, 'due process require[d]' that Good Nite Inn[s] be given an opportunity to 'respond.' "

We disagree. As we have stated, the trial court did not deny Good Nite Inns the "opportunity to defend" against Hernandez's declaration on the merits. Good Nite Inns had that opportunity after Hernandez filed the declaration as part of her opposition papers, when Good Nite Inns filed their reply papers. As the trial court stated in its second tentative decision, which ultimately became its final decision, "Defendants have already had their chance to object to the Hernandez declaration—which remains the same. Defendants chose not to provide evidence contradicting the substance of the Hernandez declaration but instead relied only on procedural objections." That Good Nite Inns chose not to counter Hernandez's declaration on the merits when they filed their reply was their own tactical decision; they chose to forgo the opportunity to provide counter evidence.

Further, insofar as Good Nite Inns' contention is that the trial court's ruling treated them unfairly, we disagree. The trial court did not allow Hernandez to present new facts beyond those in her original

20

declaration and then prevent Good Nite Inns from doing the same. Rather, it allowed her to rectify the lack of foundation for her statement that her counsel had accurately translated the declaration to her before she signed it. Her counsel's declaration did not change the substance of her declaration; it simply corrected an evidentiary defect.

As Good Nite Inns framed their request in the trial court, "So we are asking at this stage, Plaintiff is being given the opportunity *to correct* those deficiencies, *evidentiary deficiencies*; Defendants be given the corresponding ability to now r*ebut the actual substance of many of the statements made in the declaration*." (Italics added.) We agree with the trial court that the two are not equivalent: "Allowing Plaintiff to clear procedural hurdles does not mean Defendants should get a second chance to disprove the substance of her testimony." Treating an evidentiary deficiency differently from an unexplained failure to respond on the merits is not unfair.

It is unclear what Good Nite Inns found "new" and "surprising." Again, none of the facts asserted in the Hernandez declaration changed between the time she filed it and Good Nite Inns' post-reply, post-tentative-ruling request to provide a substantive response to it. Attorney Fletes's declaration, which simply confirmed Hernandez's statement that he had accurately translated the declaration to her, should not have been surprising, given Good Nite Inns' objection that her assertion as to the accuracy of the translation lacked foundation.

If Good Nite Inns mean they were surprised by the trial court's decision allowing Hernandez to correct this evidentiary deficiency, they were not prejudiced by that. The trial court allowed them to respond to

21

the declaration Hernandez's counsel submitted for that purpose. Good Nite Inns objected to that declaration, and the court reviewed its objections, issued a tentative decision overruling them, allowed Good Nite Inns' counsel to argue about them at the hearing and then ruled on them. The court also allowed defense counsel to reargue other issues they had addressed at the earlier hearing, including their arguments that the court should allow them to offer new evidence and that Hernandez's declaration was insufficient to show she had not understood the arbitration agreement.

Insofar as Good Nite Inns' contention is that they were surprised by the court's discretionary decision to allow Hernandez to rectify the evidentiary deficiency and that their tactical decision not to respond on the merits was based on the assumption that their objections would succeed, they shouldn't have been. Ruling on evidentiary objections involves discretion on the part of trial courts; it is not an exact science. Even if counsel is confident in his or her objections, that does not mean it need not respond on the merits to the opposing party's factual showing if indeed it has a response. Courts prefer to rule on the merits, and as is not unusual, the court here rejected all but one of Good Nite Inns' objections and all of Hernandez's. And if Good Nite Inns believed that they would be given a second chance to submit evidence on the merits after their objections failed to carry the day, such belief was patently unreasonable.

Hernandez's counsel understood this basic aspect of law and motion rules. In her opposition papers, Hernandez objected to Good Nite Inns' declarations and argued they had not met their prima facie burden. But she also submitted her own declaration setting forth the factual basis for

disputing the formation of an arbitration agreement.  Good Nite Inns could have chosen a similar course in their reply by proffering evidence in response to Hernandez's declaration, but presumably for tactical reasons did not do so.

For these reasons, Good Nite Inns have failed to show they were denied due process.

## DISPOSITION

The order denying arbitration is affirmed.  Respondent shall recover costs on appeal.

                                             _____
                                             STEWART, P.J.

We concur.


_____
RICHMAN, J.


_____
MILLER, J.


*Hernandez v. GNIMGT, Inc.* (A165694)