Filed 6/9/26  Rojas v. Harbor Pipe and Steel CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FLORENTINO ROJAS, | |
| Plaintiff and Respondent, | E085339 |
| v. | (Super.Ct.No. CVRI2300282) |
| HARBOR PIPE AND STEEL, INC., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge. Affirmed.

Buchalter, Jennifer M. Misetich, Adam P. Smith; Lobb & Plewe, Tim Plewe and Michael J. DeSantis for Defendant and Appellant.

Yoon Law, Kenneth H. Yoon and Stephanie E. Yasuda for Plaintiff and Respondent.

INTRODUCTION

In this putative wage and hour class action lawsuit, defendant and appellant Harbor Pipe and Steel, Inc. (Harbor) appeals from an order denying its second petition to compel arbitration of plaintiff and respondent Florentino Rojas's individual claims. The trial court concluded that the renewed motion requirements in California Code of Civil Procedure section 1008 applied to the second petition and denied the petition for failure to demonstrate the existence of "new or different facts, circumstances, or law" to justify reconsideration. (Code Civ. Proc., § 1008, subd. (b).)[1]

On appeal, and in a concurrently filed petition for writ of mandate, Harbor argues that the trial court abused its discretion by deeming its petition a renewed motion and by failing to compel arbitration.[2] We affirm and, because our decision decides the issues raised by Harbor's writ petition in case No. E085346, we will deny that petition as moot by separate order.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, Rojas filed a complaint against Harbor alleging various individual and class wage and hour claims and unfair business practices in violation of

---

[1] Unlabeled statutory citations refer to the Code of Civil Procedure.

[2] There is a split of authority on whether orders denying reconsideration are appealable. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140, fn 5.) Because Harbor also challenges the court's ruling by way of writ and because the trial court had the inherent authority to reconsider the petition to compel arbitration (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097), we treat the challenged order as appealable. And because we resolve the issue in this appeal, we deny the writ as moot by separate order. (*Harbor Pipe and Steel, Inc. v. Superior Court* (E085346).)

the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.). In February 2024, Harbor filed a petition under section 1281.2 to compel arbitration of Rojas's individual claims and stay the class claims, arguing that the parties had entered into an arbitration agreement dated November 8, 2017. The 2017 arbitration agreement, which Harbor attached to its motion, was a single-page document containing the header "Arbitration Agreement" and Rojas's signature. The agreement stated that it was between Rojas and "Harbor Pipe Refrigeration, Inc."

Rojas opposed the motion, arguing, among other things, that Harbor failed to demonstrate the existence of an agreement between the parties to arbitrate, as required by section 1281.2, because Harbor failed to produce any evidence that it was a party to the 2017 agreement or in any way related to Harbor Pipe Refrigeration, Inc. In reply, Harbor argued that the reference to Harbor Pipe Refrigeration, Inc. was a typographical error. Harbor also argued that Rojas had "executed several arbitration agreements during the course of his employment." Harbor stated that, before filing its petition, it had sent copies of two arbitration agreements to Rojas—the 2017 agreement and another dated July 21, 2014. Harbor stated that it would "gladly provide further briefing related to [the] 2014 arbitration agreement." Harbor did not quote the provisions of the purported 2014 arbitration agreement in its brief or file a copy of the document with the court.

After a hearing, the trial court denied Harbor's petition. The register of actions states the basis of the court's ruling as follows: "[T]he arbitration agreement states that the parties are plaintiff and Harbor Pipe Refrigeration, Inc. There is no evidence that moving defendant is that party or a signatory to the agreement. Defendant refers to a

scrivener's error, but offers no evidence to support this conclusion. Similarly, defendant refers to a 2014 agreement, but the motion is not based on that alleged agreement and no copy has been provided." Harbor did not appeal the trial court's order.

About a month later, Harbor filed a second petition to compel arbitration, this time based on the 2014 agreement and seeking a dismissal (rather than stay) of the class claims. Harbor attached to the petition a one-page document entitled "Employee Statement of Acknowledgement and Agreement." The document bore the header "Harbor Pipe & Steel Inc." and appeared on the last page (page 43) of an employee handbook. The document contained three paragraphs. The first paragraph contained an acknowledgement that the employee had received "the Company's" handbook containing personnel policies, procedures, benefits, and rules of conduct. The second paragraph concerned arbitration and stated in full: "I agree that any controversy, dispute, or claim of any nature that may arise from, or is related to, my employment or civil rights violation, and excepting only claims for, or related to, worker's compensation, shall be submitted to final and binding arbitration administered by the American Arbitration Association in accordance with the Commercial Arbitration Rules of that association then in effect." The third paragraph contained an at-will employment acknowledgement. The document also contained a signature line for the employee, which Rojas signed on July 21, 2014.

Harbor also submitted a declaration from Rosa Herron, its director of human resources. Herron stated that Rojas had received the employee handbook when he started working at Harbor in July 2014. She said that she had personally observed Rojas sign

4

"various documents related to his separation"; that she was familiar with his personnel file, which included the 2014 acknowledgment form; and that she was confident that the signature on the form belonged to Rojas.

Rojas opposed Harbor's second petition. He argued that the one-page document did not demonstrate the existence of an agreement between the parties to arbitrate. He pointed out that Harbor failed to produce the material terms of the agreement because (1) the term "Company" was not defined, and could therefore refer to an entity different from, or more or less inclusive of, Harbor; (2) there was no indication on the acknowledgment form that Harbor agreed to anything; and (3) employee handbooks often contain language stating that they are not intended to create a contract of employment, and therefore without the remainder of the handbook, it was impossible to tell if the arbitration paragraph in the acknowledgment form was "informational" or "contractual." Rojas argued in the alternative that if the 2014 acknowledgment form did demonstrate the existence of an agreement between the parties to arbitrate, that agreement was unconscionable because it was hidden on the last page of a lengthy document, was not mutual, encompassed claims not subject to arbitration as a matter of law, and permitted the arbitrator to require the employee to share in the arbitration costs.

At the hearing, the trial court asked the parties whether Harbor's second petition sought reconsideration of the ruling on its first petition and was thus governed by the requirement in section 1008 to present new facts or law. The trial court continued the hearing and gave the parties an opportunity to file supplemental briefs on the issue.

In its supplemental brief, Harbor argued that the petition was not a renewed motion under section 1008 for the following reasons: (1) the petition sought to enforce a different arbitration agreement than the first petition; (2) the trial court had expressly permitted Harbor to file a second petition; (3) the nonstatutory ground for denying a petition to compel arbitration did not apply (i.e., that parties had engaged in discovery that would not have been available in arbitration); and (4) filing a successive petition to compel arbitration is not one of the four statutory grounds for denying a petition set forth in section 1281.2.

In his supplemental brief, Rojas argued that the petition was governed by section 1008 because it sought the same relief as the first petition, based on an agreement Harbor had in its possession when it filed the first petition. Rojas argued that the court should deny the petition because Harbor failed to demonstrate the existence of " 'new or different facts, circumstances, or law' " to justify reconsideration of the court's prior ruling, as required by section 1008.

In a written ruling, the trial court concluded that section 1008 applied to Harbor's second petition and denied the petition for failure to comply with the requirements of that provision. The court rejected Harbor's argument that the relief it was seeking was different because its motion was based on a different arbitration agreement than the first petition. The court found that Harbor "was aware of the existence of both arbitration agreements when the first motion was filed, but chose to base its motion only on the [2017] agreement." The court explained that section 1008 "bars a second bite at the arbitration apple" and concluded that Harbor failed to satisfy the requirements of that

6

provision by neglecting to explain why it did not quote or include the 2014 acknowledgement form in its first petition. The court also rejected the other arguments in Harbor's supplemental brief. It explained that permitting Harbor to file a second petition did not equate to a determination on the petition's merits. It also explained that while the grounds for denying a petition to compel arbitration under section 1281.2 applied to the initial petition, "nothing in section 1281.2 excuses compliance with section 1008 or allows serial" petitions.

Harbor timely challenged the court's ruling by way of appeal and a petition for writ of mandate.

DISCUSSION

We review a trial court's decision denying a petition to compel arbitration under section 1281.2 for "abuse of discretion [citations], which looks to see 'whether the trial court exceeded the bounds of reason.' " (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349.)

Section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy *if it determines that an agreement to arbitrate the controversy exists*, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for rescission of the agreement . . . ." (*Ibid*., italics added.) When faced with such a petition," 'the trial court's first task is to

7

determine whether the parties have in fact agreed to arbitrate the dispute.' " (*Gorlach v. Sports Club Co.* (2012) 209 Cal.App.4th 1497, 1505.)

" 'A party seeking to compel arbitration has the burden of proving the existence of a valid agreement to arbitrate. [Citations.] Once that burden is satisfied, the party opposing arbitration must prove by a preponderance of the evidence any defense to the petition.' " (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59 (*Avery*).) California Rules of Court, rule 3.1330 provides that a petition to compel arbitration must set forth the provisions of the arbitration agreement "verbatim" or attach a copy of the agreement and incorporate it by reference. (See *Avery*, at p. 71, citing *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215, 218.) A petition to compel arbitration " ' " ' "is in essence a suit in equity to compel specific performance of a contract," ' " ' " and " ' "[o]nly the valid and binding agreement of the parties, including all material terms well-defined and clearly expressed, may be ordered specifically performed." ' " (*Avery*, at p. 71.)

Section 1008, the provision governing renewed motions, allows a party to seek an order after the trial court has already denied that party's request for the same order. For the renewed motion to succeed, the moving party must show "new or different facts, circumstances, or law" to justify reconsideration. (§ 1008, subd. (b).) As our Supreme Court has explained, section 1008 "prohibit[s] a *party* from making renewed motions not based on new facts or law." (*Le Francois v. Goel, supra*, 35 Cal.4th at p. 1096.) A party moving under section 1008 must present not only new or different facts, circumstances, or law, but also "a satisfactory explanation for the previous failure to present the

8

allegedly new or different evidence or legal authority offered in the second application." (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 383.)

Citing *Doe v. Westmont College* (2021) 60 Cal.App.5th 753 (*Westmont*), Harbor argues that section 1008 did not apply to its second petition to compel arbitration because the petition was based on a different agreement than the first petition and therefore did not seek " 'identical relief.' " (*Id.* at p. 761.) We disagree.

"The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.) " 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it.' " (*Ibid.*) Here, the trial court reasonably determined that Harbor was seeking the same relief in both petitions because Harbor brought both petitions under section 1281.2 seeking an order compelling arbitration. The fact that the petitions relied on different alleged arbitration agreements as the basis for seeking that relief is immaterial. What matters is the nature of the relief sought, not the grounds upon which the relief is sought. (See *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43 [holding that section 1008 applied to the appellants' second motion for attorney fees because, although the motions "relied on two different grounds, the fact remains that both sought an order from the court directing respondents to pay their attorney fees"].)

Harbor's reliance on *Westmont* is unavailing because that case involved two motions for attorney fees where the first motion was for work performed in the trial court and the second motion was postjudgment, for work performed through appeal and thus

was significantly higher than the amount of attorney fees requested prior to the proceedings conducted in the appellate court. (*Westmont*, *supra*, 60 Cal.App.5th at p. 761.) Based upon the significant difference in the amount requested in the second petition, which represented substantial additional work performed after the first fee motion was heard, the court held that the second fee motion could not be construed as a renewal motion. (*Ibid*.) By contrast, Harbor's petitions concerned the same claims (Rojas's individual claims) and sought the same relief (an order sending them to arbitration).

We also reject Harbor's claim that the difference in relief the petitions requested regarding the class claims (i.e., dismissal versus stay) renders the second petition different from the first for purposes of section 1008. As the trial court correctly observed, the relief requested for the class claims is ancillary to the petition and there are other ways of obtaining that ancillary relief, such as a motion to deny class certification. A party cannot avoid the requirements of section 1008 by simply including a request for additional relief in what is otherwise a renewed motion. We therefore conclude that the trial court correctly determined that section 1008 applied to Harbor's second petition.

We also conclude that the trial court correctly denied the petition for failure to satisfy section 1008's requirement to demonstrate new facts or law to justify reconsideration. As the trial court correctly observed, it is undisputed that Harbor was in possession of the 2014 acknowledgment form when it filed its first petition to compel arbitration. In its moving papers in support of its second petition, Harbor stated that it had provided copies of both the 2017 arbitration agreement and the 2014

acknowledgement form to Rojas during case management discussions. Thus, the 2014 acknowledgment form was not a new fact or circumstance. Because Harbor offered neither new facts nor a convincing reason for its failure to attach or quote verbatim the 2014 acknowledgement form in its first petition (Cal. Rules Ct., rule 3.1330), we conclude that the trial court acted within its discretion in denying Harbor's second petition to compel arbitration.

Relying on *Dillon v. BMO Harris Bank, N.A.* (4th Cir. 2015) 787 F.3d 707 (*Dillon*), Harbor contends that section 1008 does not apply to petitions to compel arbitration under section 1281.2 as a matter of law. In *Dillon*, the Fourth Circuit Court of Appeal held that the district court erred by construing the defendant's successive motions to compel arbitration as motions to reconsider under the Federal Rules of Civil Procedure because the Federal Arbitration Act did not expressly limit the number of motions to compel arbitration that a party may file. (*Dillon*, at pp. 715-716.) Harbor points out that various district court cases have followed *Dillon*.

As an initial matter, Harbor has forfeited this argument by failing to raise it in the trial court in response to the court's request for supplemental briefing on the applicability of section 1008. The failure to preserve an argument in the trial court constitutes a forfeiture. (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28.) "This rule is rooted in the fundamental nature of our adversarial system: The parties must call the court's attention to issues they deem relevant" (*ibid.*), and they may not change their trial court position and adopt a new and different theory on

11

appeal (*id.* at p. 29). To permit otherwise would be "manifestly unjust to the opposing parties, unfair to the trial court, and contrary to judicial economy." (*Ibid.*)

Forfeiture aside, the *Dillon* line of cases is factually distinguishable because those cases involved successive motions based on signature authentication declarations that the defendants obtained after their initial motions were denied. The case of *Fong v. U.S. Bancorp* (E.D. Cal., Mar. 6, 2025, No. 2:22-CV-01291-DC-CSK) 2025 U.S. Dist. LEXIS 40788 is instructive. There, the court declined to follow the *Dillon* line of cases, holding instead that the defendant's second motion to compel, which was based on different grounds than its first, was an improper motion for reconsideration because it did not "present an expanded factual record based on *new* evidence." (*Id.* at p. *21, italics added.) In finding the *Dillon* line of cases inapplicable, the court observed that it was aware of no "decisions in which courts have considered a successive motion to compel arbitration *based on evidence the party had in their possession when they filed their first motion to compel arbitration*." (*Id.* at p. *17, italics added.) As *Fong* explained: " 'It is an elementary principle of judicial economy that parties are expected to raise all relevant arguments in the briefing on a given motion; parties do not get a second bite at the apple if their initial arguments fail.' [Citations.] Otherwise, 'courts would exist in a state of paralysis, subject to a never-ending loop of argument on the same underlying issues.' " (*Id.* at pp. *14-15.) Our case is similarly distinguishable from *Dillon* because Harbor had the 2014 acknowledgment form in its possession when it filed the first petition to compel arbitration.

12

Harbor cites no California cases holding that successive section 1281.2 petitions to compel arbitration are exempt from the requirements of section 1008, and we are aware of none. In fact, the only cases we found involving both statutes were ones in which the defendants' second petitions to compel arbitration were filed as renewed motions under section 1008. (See *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758; *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215, 217.)

For all of these reasons, we reject Harbor's claims of error.

DISPOSITION

The November 15, 2024, order denying Harbor's petition to compel arbitration is affirmed. Rojas is entitled to his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

McKINSTER _____
Acting P. J.

MILLER _____
J.